IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE CROUTHERS,

                                                                                       ORDER

                   Plaintiff,

                                                                                      07-cv-655-jcs

       v.

COORDINATOR SHARON K. ZUNKER,
HSU MANAGER DRESSLER AND SGT. SHUK,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Because Judge Shabaz has taken a leave of absence from the court in order to convalesce from shoulder surgery and because his absence is expected to last for a period of not less than sixty days, I have assumed administration of the cases previously assigned to him, including this one. I have reviewed the case file and note at the outset that three matters need attention. First, under the 1996 Prison Litigation Reform Act, a fee needs to be collected from plaintiff for his filing of an interlocutory appeal from a non-appealable order denying him leave to amend his complaint. Second, the proceedings in this case must be stayed, because plaintiff's complaint violates Fed. R. Civ. P. 20 and this defect must be cured before the case can proceed further. Third, I must deny plaintiff's recently filed

1

"Notice of Motion and Motions for Extension of Time and Temporary Restraining Order" because it is moot.

With respect to the matter of the interlocutory appeal, I note that in mid-December 2007, plaintiff filed a motion for leave to file an amended complaint, which Judge Shabaz considered and denied in an order dated January 2, 2008, on the ground that the "amended complaint [] does not allege facts that support any additional federal law claims against any defendant." Promptly thereafter, on January 14, 2008, plaintiff filed a notice of appeal. In an order dated January 15, 2008, Judge Shabaz construed plaintiff's notice to include a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1292. He denied the request stating, "[t]he Court's order cannot be appealed pursuant to 28 U.S.C. § 1292." In his order, Judge Shabaz did not address the matter of the filing fee plaintiff owes for filing that appeal. Because payment is required under the Prison Litigation Reform Act, I will address the matter now.

Ordinarily, when a prisoner files a notice of appeal, the court must determine whether the appeal is taken in good faith and, if it is not, the court is to so certify. 28 U.S.C. § 1915(a)(3). If an appeal is certified as not having been taken in good faith, then the prisoner cannot utilize the partial payment mechanism in 28 U.S.C. § 1915 to pay the $455 fee for filing his appeal. Instead, he owes the full amount immediately.

In this case, although Judge Shabaz did not expressly certify that plaintiff's appeal was

2

not taken in good faith, such certification is appropriate. An order denying a motion to amend a pleading is not immediately appealable, Agretti v. ANR Freight System, Inc., 982 F.2d 242, 248 (7th Cir. 1992); 6 Charles A. Wright, et al., Federal Practice and Procedure § 1484 (1990), and an appeal from a non-appealable order cannot be taken in good faith. Therefore, plaintiff owes the $455 fee for filing his interlocutory appeal in full immediately. If he fails to pay it by the deadline established in this order, I will notify the court of appeals of his non-compliance so that it may take whatever action it deems appropriate with respect to his appeal. In addition, I will notify the warden of his institution of his obligation to pay the fee so that it may be collected in accordance with 28 U.S.C. § 1915(b).

The next matter is the status of the case. The parties are likely aware that plaintiff's interlocutory appeal does not divest this court of jurisdiction to continue to act in this case. A district court is not divested of jurisdiction "when there is a purported appeal from a non-appealable order." Patzer v. Board of Regents of the University of Wisconsin System, 763 F.2d 851, 859 (7th Cir.1985) (citation omitted). Nevertheless, I conclude that the case must be stayed in its entirety because plaintiff's complaint violates Fed. R. Civ. P. 20. Therefore, I am vacating the scheduling order entered in this case on January 2, 2008, and staying all proceedings pending plaintiff's response to this order.

In his complaint, plaintiff named seventeen defendants and divided his lawsuit into six "Counts." In an order dated November 29, 2007, Judge Shabaz allowed plaintiff to

proceed on claims raised in two of those counts. In particular, Judge Shabaz allowed plaintiff to proceed on that part of "Count I" of the complaint in which plaintiff alleges that defendants Becky Dressler and Sharon Zunker violated his Eighth Amendment right to adequate medical care by delaying for nearly two years treatment for his hepatitis C. (Also in Count 1, plaintiff had alleged generally that the "respondents" violated the Rehabilitation Act and the Americans with Disabilities Act by engaging in discriminatory acts on the basis of a "subclass" of inmates with "disabilities." Plaintiff did not allege any facts concerning himself that would give rise to claims under the Rehabilitation or Americans with Disabilities acts. He does not have standing to raise the claims on behalf of other inmates. Therefore, these claims have been properly dismissed from the case.)

Also, Judge Shabaz allowed plaintiff to proceed on a claim raised in "Count IV" of the complaint. Specifically, Judge Shabaz allowed plaintiff to proceed against defendant "Sgt. Shuk," a mailroom sergeant, who plaintiff alleges interfered repeatedly with his legal mail and on one occasion rejected incoming personal mail.

The remaining defendants and Counts II, III, V, and VI, each of which raised matters unrelated to each or to the claims raised in Counts I and IV, were dismissed as "not support[ing] any claim for relief under federal law." (In Count II, plaintiff charged unspecified defendants with failing to classify him correctly. In Count III, plaintiff complained that he was denied due process during disciplinary hearings and that unspecified

4

defendants retaliated against him by writing a conduct report against him after he complained about the lack of process at his earlier hearings. He also complained that he was placed in temporary lock-up without due process. In Count V, plaintiff alleged that Parole Commissioner James Hart improperly denied him parole release on the ground that plaintiff had not served sufficient time. In Count VI, plaintiff alleged that "directors or regional supervisors" failed to appropriately review inmate complaints.)

In George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits. The court reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case.

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of

5

transactions or occurrences and presents questions of law or fact common to all. Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). If the requirements for joinder of parties have been satisfied under Rule 20, only then may Fed. R. Civ. P. 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In applying Rule 20 to this case, I conclude that plaintiff's complaint must be divided into two separate lawsuits. In what I will call Lawsuit #1, plaintiff may litigate his claim that defendants Zunker and Dressler denied him medical care. In what I will call Lawsuit #2, plaintiff may litigate his claim that defendant Shuk interfered with his legal and personal mail. These actions are not properly heard together in a single lawsuit under Rules 20 and 18 because they do not arise out of the same transaction occurrence, or series of transactions and occurrences and do not concern the same defendants.

In light of George, I may apply the initial partial payment and additional fees plaintiff paid in this case to only one of the two lawsuits identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

6

As for the other lawsuit, plaintiff has a more difficult choice. He may choose to pursue the lawsuit separately. If he makes this choice, he will have to submit an initial partial payment of the filing fee in the amount of $8.49 by the deadline set below, and pay the remainder of the $350 filing fee in monthly installments pursuant to 28 U.S.C. § 1915(b). Alternatively, plaintiff may choose to dismiss one of his lawsuits voluntarily. If he chooses this latter route, plaintiff will not owe an additional filing fee. Moreover, the dismissal would be without prejudice, so plaintiff would be able to bring the lawsuit at another time.

I understand that it is not normally the case that a lawsuit may be withdrawn without prejudice when a case has progressed as far as this one has. However, in light of the unanticipated and far-reaching effect of the George decision on existing prisoner litigation, I intend to permit prisoner litigants in cases pending in this court at the time the George opinion was issued to dismiss without prejudice the separate lawsuits within their original complaint that have been identified as requiring severance.

Finally, on February 7, 2007, plaintiff filed a document titled "Notice of Motion and Motions for Extension of Time and Temporary Restraining Order." In this document, plaintiff states that he has been "put on transfer to another institution." While he awaits the transfer, he is being held in a segregation unit that is being remodeled. Because of the remodeling, plaintiff appears to believe he will lack access to his legal materials and be unable

7

to meet court deadlines. He asks that the court issue an injunction or temporary restraining order to allow plaintiff "full access to the court and his personal legal material items."

Because I am vacating the scheduling order previously entered in this case, plaintiff faces no looming deadlines other than those that I am setting in this order. He does not need access to his legal papers in order to respond to those deadlines. Once plaintiff advises the court how he intends to proceed with his separate lawsuits, the court will schedule a telephone conference before United States Magistrate Judge Stephen Crocker to set a new schedule for moving one or both of plaintiff's separate lawsuits to resolution. It is quite possible that by the time the stay is lifted in this action and new deadlines are established, plaintiff will have been moved to a new location and have full access to his legal materials. Plaintiff should be aware that it is his responsibility to notify the court immediately upon his transfer to another location, so that he may receive uninterrupted any documents from this court or defendants that are filed in his case.

ORDER

IT IS ORDERED that

1. Plaintiff owes in full the $455 fee for filing an interlocutory appeal, because his interlocutory appeal from a non-appealable order is not taken in good faith. The clerk of court is requested to insure that this court's financial records reflect this obligation. Plaintiff

8

is to submit a check or money order made payable to the clerk of court in the amount of $455 no later than March 13, 2008. If he fails to make the payment, I will notify the court of appeals of his failure to pay so that it may take whatever action it deems necessary with respect to plaintiff's appeal. In addition, I will notify the warden of the institution in which plaintiff is presently being held of plaintiff's obligation so that the fee may be collected as authorized under 28 U.S.C. § 1915(b)(2).

    2. Plaintiff may have until March 6, 2008, in which to identify for the court and defendants the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. As to this one lawsuit, the fees plaintiff already has paid will be applied.

    3. Plaintiff may have until March 6, 2008, in which to advise the court whether he will prosecute the remaining lawsuit or withdraw it voluntarily.

    4. If plaintiff dismisses the remaining lawsuit voluntarily, he will not owe a filing fee.

    5. If plaintiff advises the court he intends to prosecute the remaining lawsuit, plaintiff will owe a separate $350 filing fee, for which he must submit an initial partial payment in the amount of $8.49 no later than March 13, 2008. This payment, too, is to be submitted by a check or money order made payable to the clerk of court.

    6. If, by March 6, 2008, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

7. The scheduling order entered herein on January 2, 2008 is VACATED and all proceedings are STAYED in this case pending plaintiff's response to this order.

8. Plaintiff's ""Notice of Motion and Motions for Extension of Time and Temporary Restraining Order" is DENIED as moot.

Entered this 21st day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge