IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE CROUTHERS,

               Plaintiff,                                       ORDER

    v.

                                                             07-cv-655-bbc

COORDINATOR SHARON K. ZUNKER, HSU
MANAGER DRESSLER and SGT. SHUK,

               Defendants.

---

      Before the court in this prisoner civil rights lawsuit are plaintiff's motion to compel discovery (dkt. 41), plaintiff's motion for protective order (dkt. 42) and defendants' motion to compel (dkt. 43).

      Dockets 42 and 43 are mirror images of each other: plaintiff did not want to sign a blanket release of his medical records; defendants responded by offering a narrower release form tailored to the allegations of this lawsuit, then moved to compel plaintiff to sign it. In his response, plaintiff reports that he has signed and mailed the narrower release form. *See* Dkt. 48. Accordingly, I am denying both motions (dkts. 42 and 43) because they appear to be moot.

      Plaintiff's other motion complains about defendants' responses to his requests for admissions.[1] Defendants respond that their objections to vagueness are well taken and at this

---

[1] Although plaintiff's motion complains about requests for admissions, he has attached to it a copy of his request for production of documents. Because plaintiff has not argued that defendants have not properly responded to these requests, I will limit my discussion to the requests for admissions.

point they have nothing to add.  Having read plaintiff's requests for admissions, I agree with defendants that the requests are too vague.  Certainly there are logical inferences the reader could draw from the format of plaintiff's requests, but in adversarial litigation, a party is not required to guess as to what it is her opponent is asking her to admit.  For instance, requests for admissions (a)-(d) each should be phrased as a stand-alone sentence in which the particular defendant is identified by a pronoun ("you") or by name.  By way of example only, request for admission (b) should read more like this: "It is within the scope of your employment to interpret administrative code DOC, DAI guidelines and directive(s) to staff to assure their implementation."  Actually, it would be more prudent still to break this into a set of separate requests for admission in which each type of document or policy is listed separately.  A good request for admission is very clear and very narrow, thereby allowing the responding party to understand it and give a firm "yes" or "no" response.  Because plaintiff did not do this, it was appropriate for defendants to object to these requests for admissions.  Plaintiff's motion to compel is denied without prejudice.

Plaintiff states that he needs more time for discovery.  It is not clear what plaintiff has in mind.  This is a medical treatment lawsuit and plaintiff's deadline for disclosing expert witnesses was August 22, 2008. (Defendants' expert disclosure deadline is September 19, 2008.) Summary judgment motions must be filed not later than October 3, 2008.  In the event that neither side obtains summary judgment, discovery continues until February 2, 2009.  If plaintiff wants a deadline extension, he will have to explain in more detail what he wants, why he wants

it, and why the court should honor this request. Absent such information, there is nothing the court can do.

In summary, it is ordered that all three pending discovery motions (dkts. 41, 42 and 43) are DENIED.

Entered this 12th day of September, 2008.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge