IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE CROUTHERS,

          Plaintiff,

v.

COORDINATOR SHARON K. ZUNKER, *et al.*,

          Defendants.

ORDER

07-cv-655-bbc

---

This prisoner civil rights lawsuit aries out of plaintiff's claim that two of the defendants denied him treatment for Hepatitis C and that the remaining defendant interfered with his legal and personal mail. *See* Nov. 29, 2007 order (by Judge Shabaz), dkt. 4. Earlier in this case, the court denied as moot the parties' competing motions (dkts. 42 & 43) regarding the medical release requested by defendants of plaintiff. *See* Sept. 12, 2008 order, dkt. 49.

Defendants filed a motion for reconsideration (dkt. 50), contending that the issue was not moot. This prompted plaintiff to file a new motion for protection (dkt. 54), in which he contends that the medical records defendants still seek are confidential and irrelevant to this lawsuit.

The release that plaintiff signed authorized disclosure of his Hepatitis C records through February 2008. Defendants contend that they need access to plaintiff's hepatitis C records up to the present because

> The records prior to February, 2008 suggest that plaintiff's blood tests for Hepatitis C are declining, and the records between February, 2008 and the present would confirm whether that decline is continuing meaning that the plaintiff does not have any need for treatment for Hepatitis C.

Dkt. 50 at 1.

In his responsive motion for protection, plaintiff objects to providing this newer information, asserting that his records are presumptively confidential, his present blood tests are not relevant to his past treatment, and that any decline in his blood tests would not prove the point that defendants are trying to make.

Plaintiff is correct in asserting that his records are presumptively confidential; the court already has acknowledged this fact. Where, however, a litigant puts his medical treatment into issue, his medical records are discoverable within the limits of F.R. Civ. Pro. 26(b)(1). Plaintiff still may assert the confidentiality of his medical records and this court would never force involuntary disclosure. The court, however, would not allow this decision to prejudice the defendants and it would take whatever corrective action was necessary to level the playing field, including excluding plaintiff's evidence or dismissing claims if justice so required.

Giving full credit to plaintiffs' arguments as to why a reduction in his blood tests might not prove defendants' contention that plaintiff's need for treatment is abating, it still is an arguable point that defendants are entitled to explore with their expert witness(es). Whether the court would allow the defendants to present this evidence at trial is a different question that would be decided by means of motions *in limine*. The bottom line is that plaintiff's blood tests for Hepatitis C from February 2008 to the present are discoverable.

ORDER

It is ORDERED that:

(1)   Defendants' motion for reconsideration, dkt. 50, is GRANTED ;

(2)   Plaintiff's motion for protection, dkt. 54, is DENIED. and

(3)     Within seven calendar days of receiving this order, plaintiff must either amend his medical release to allow defendants' attorney access to the requested information, or declare that he is standing on his right to confidentiality, so that the court may respond appropriately.

Entered this 3rd day of December, 2008.

                                        BY THE COURT:

                                        /s/

                                        STEPHEN L. CROCKER
                                        Magistrate Judge